**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MAYNE PHARMA LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>THERAPEUTICSMD, INC.,<br><br>   Defendant. | C.A. No. 25-670-RGA |

**DEFENDANT THERAPEUTICSMD'S OBJECTIONS TO**
**THE REPORT AND RECOMMENDATION (D.I. 22)**

For the reasons below and pursuant to Federal Rule of Civil Procedure 72(a) and 28

U.S.C. § 636(b)(1)(B)-(C), Defendant TherapeuticsMD, Inc. ("TXMD") respectfully objects to

the Magistrate Judge's Report and Recommendation (the "R&R") recommending denial of

TXMD's motion to dismiss the Complaint (D.I. 1) under the first-to-file rule,[1] (D.I. 22).

**I.  NATURE AND STAGE OF THE PROCEEDINGS**

TXMD filed a Complaint in C.A. No. 25-440-RGA (the "First Action") on April 8, 2025,

alleging breach of contract, unjust enrichment, and fraudulent inducement claims against

Plaintiff Mayne Pharma, LLC ("Mayne") arising out of a December 2022 Transaction

Agreement between the parties. (D.I. 1).

On May 30, 2025, in the First Action, Mayne moved to compel submission to an expert

determination and to stay the case or to compel arbitration (the "Motion to Compel"). (First

Action, D.I. 8). Also on May 30, 2025, Mayne filed the Complaint in this matter, C.A. No. 25-

---

[1] The undersigned certifies that these objections do not raise new legal/factual arguments aside
from those raised for the first time in the Report and Recommendation. *See* the Court's March 7,
2022 Standing Order for Objections Filed Under Fed. R. Civ. P. 72.

670-RGA (the "Second Action") against Plaintiff alleging breach of the same Transaction Agreement as alleged in this First Action. (D.I. 1 and Ex. A). On July 28, 2025, TXMD moved to dismiss the Second Action under the first-to-file rule and alternatively for failure to state a claim (the "Second Action MTD"). (D.I. 11; D.I. 12).

On June 20, 2025, in the First Action, TXMD filed the First Amended Complaint ("FAC"). (First Action, D.I. 16). Mayne moved to dismiss (the "First Action MTD"). (*Id.*, D.I. 21; D.I. 22). On October 2, 2025, the Court referred the Motion to Compel, the First Action MTD, and the Second Action MTD to Magistrate Judge Tennyson. On March 23, 2026, the Magistrate Judge issued two Reports and Recommendation as to the First Action MTD and the Second Action MTD (First Action, D.I. 32; Second Action, D.I. 22), and a separate Memorandum Order on the Motion to Compel. (First Action, D.I. 33). In this Memorandum Order, the Magistrate Judge ordered the First Action to an expert determination and stayed the matter. (*Id.*).

## II.    STANDARD OF REVIEW

In civil matters "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion [including motions to dismiss] excepted in subparagraph (A)[.]" 28 U.S.C. § 636(b)(1)(B). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at (C); *see also* Fed. R. Civ. P. 72(b)(3) (same).

## III.   SUMMARY OF OBJECTIONS

1.      TXMD objects to the Magistrate Judge's recommended denial of the motion to dismiss and recommended case consolidation.

IV.     **STATEMENT OF FACTS**

In December 2022, the Parties entered into transaction and license agreements transferring several pharmaceutical product lines from TXMD to Mayne. As part of this transaction, Mayne paid TXMD $140 million plus a net working capital amount based upon the valuation of the ongoing operations that were transferred. Given the complexities of distributing these products, the final values of the line items to the "Closing Net Working Capital" were to be determined in a series of true ups over a 2-year period following the closing date. In the First Action, TXMD alleges claims against Mayne for breach of contract, unjust enrichment, and fraudulent inducement arising out of the Transaction Agreement ("TA"). (First Action, D.I. 16). In the Second Action, Mayne alleges claims against TXMD for breach of contract and fraudulent inducement arising out of this same Transaction Agreement. (Second Action, D.I. 1).

V.     **ARGUMENT**

A.     **The Court should grant the motion to dismiss or stay the Second Action**

1.     **This case does not warrant a new exception to the first-to-file rule**

TXMD objects to the recommended denial of the motion to dismiss, because"[t]he party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941).

Mayne parses its claims and attempts to create a temporal distinction between its claims and the asserted sections of the Transaction Agreement with TXMD's own claims in the First Action related to the same Transaction Agreement. (D.I. 15 at 4–10). But Mayne is advocating for a new exception to the first-to-file rule for defendants that file duplicative, pre-answer litigation in the same court. (*Id.*).

The R&R misapprehends the procedural posture of this matter and concludes waiver

3

when TXMD responded to arguments and case law raised by Mayne in its answering brief. (D.I. 22 at 6). Since Mayne filed the Second Action without meeting and conferring with TXMD, the parties had not discussed their positions with each other, and thus the answering brief on the Second Action MTD was the first time TXMD became aware of Mayne's arguments in support of filing the Second Action. One such argument was found in Mayne's statement of the rules in which it averred that "application of the first-to-file rule requires that one case is 'materially on all fours' with the other (i.e., is 'truly duplicative'), such that 'a determination in one action leaves little or nothing to be determined in the other.'" (D.I. 15 at 7 (quoting *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 333 n.6 (3d Cir. 2007) (quoting *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997) and *Cong. Credit Corp. v. AJC Int'l, Inc.*, 42 F.3d 686, 689 (1st Cir. 1994)))). Mayne had argued that the first-to-file rule did not apply because its claims were not "identical" to the ones TXMD had asserted in the First Action. As the reply brief argued, this argument is insufficient, because in footnote 6 of *Grider*, the Third Circuit considered two prongs of analysis: "identical claims" and "compulsory counterclaims." (D.I. 16 at 4). Under this reasoning Mayne would have to demonstrate that its claims are neither identical nor compulsory counterclaims, which it did not do.

Nonetheless, the R&R considers whether Mayne's claims in the Second Action are compulsory counterclaims and concludes that no Answer has been filed in the First Action and there is no practical way to apply the principle. (D.I. 22 at 6). TXMD objects to this conclusion, because it presents a roadmap for duplicative and inefficient litigation.

## 2. Should the Court opt to consolidate the matters, it should stay the Second Action

In the R&R, the Magistrate Judge recommended that "[b]ecause the policy underlying the compulsory-counterclaim rule is one of 'judicial economy,' application of the rule here would

4

instead warrant consolidation of the First and Second Actions." (D.I. 22 at 6 (citations omitted)). As the R&R notes, "neither party requests (or even addresses) consolidation[.]" (*Id.* at 7 n.3).

Elsewhere, the R&R cites to language in the Third Circuit's opinion in *Chavez.* (*Id.* at 5 (citation omitted)). In that case, the Third Circuit stated "[w]e therefore conclude that, in the vast majority of cases, a court exercising its discretion under the first-filed rule should stay or transfer a second-filed suit." *Chavez v. Dole Food Co.*, 836 F.3d 205, 220–21 (3d Cir. 2016). To the extent that the Court considers consolidating the First and Second Actions, a stay is appropriate. At present, the Magistrate Judge has ordered a stay of the First Action but has not recommended a stay of this Second Action. In view of the parties experience with the ordered expert determination in the First Action, which is anticipated to take significantly longer than the 45 days cited by the Magistrate Judge and be inadmissible in these proceedings by the terms of the TA, the currently-ordered stay in the First Action will run the risk of the two Actions proceeding according to different schedules and timelines, which will prejudice TXMD.

## VI.    CONCLUSION

For the reasons stated above, TXMD respectfully requests that the Court dismiss the Second Action. Alternatively, to the extent the Court adopt the Magistrate Judge's recommendation about consolidating the First and Second Actions, TXMD respectfully requests that the Court also stay the Second Action.

5

6

Dated: April 6, 2026

SMITH KATZENSTEIN & JENKINS LLP

*/s/ Daniel A. Taylor*

Julie M. O'Dell (No. 6191)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
jmo@skjlaw.com
dat@skjlaw.com

*Attorneys for TherapeuticsMD, Inc*