**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MAYNE PHARMA LLC,<br><br>Plaintiff,<br><br>v.<br><br>THERAPEUTICSMD, INC.,<br><br>Defendant. | C.A. No. 25-670-CFC |

**DEFENDANT THERAPEUTICSMD, INC.'S ANSWER AND DEFENSES**

Defendant TherapeuticsMD, Inc. ("TXMD"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff Mayne Pharma LLC ("Mayne") as follows. Except as expressly admitted below, TXMD denies each and every allegation in the Complaint. The headings that follow track the headings used in the Complaint and are reproduced solely for convenience; TXMD does not admit any allegation, characterization, or legal conclusion contained in any heading. Each reference to the Transaction Agreement, the License Agreement, the disclosure schedules, or any other document is qualified in its entirety by reference to that document, which is the best evidence of its contents and speaks for itself; TXMD denies any allegation that mischaracterizes or is inconsistent with the terms of any such document.

## NATURE OF THE ACTION

1. TXMD admits that it entered into a transaction with Mayne concerning a portfolio of women's health products and prenatal vitamins. TXMD denies the remaining allegations and characterizations in Paragraph 1.

2. TXMD admits that, on December 4, 2022, TXMD and Mayne entered into a series of agreements, including the Transaction Agreement, and that those agreements speak for themselves. TXMD denies any allegation inconsistent with the terms of those agreements and denies the remaining allegations in Paragraph 2.

3. TXMD admits that Mayne purchased certain assets pursuant to the Transaction Agreement, dated December 4, 2022, as amended, which speaks for itself. TXMD denies the remaining allegations in Paragraph 3.

4. TXMD denies the allegations in Paragraph 4.

5. TXMD denies the allegations in Paragraph 5, including that Mayne suffered any damages.

6. TXMD states that the representations and covenants of the Transaction Agreement speak for themselves and denies any allegation inconsistent with their terms. TXMD denies the remaining allegations in Paragraph 6.

7. TXMD denies the allegations in Paragraph 7.

8. TXMD denies the allegations in Paragraph 8.

## THE PARTIES

9. TXMD lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 concerning Mayne's corporate organization, ownership, and business and therefore denies them.

10. TXMD admits that it is formed under the laws of Nevada. TXMD denies the remaining allegations in Paragraph 10.

## JURISDICTION AND VENUE

11. Paragraph 11 states legal conclusions to which no response is required. To the extent a response is required, TXMD does not contest that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 for purposes of this action, but denies that Mayne is entitled to any relief.

12. Paragraph 12 states legal conclusions to which no response is required. To the extent a response is required, TXMD does not contest diversity of citizenship for purposes of this action.

13. Paragraph 13 states legal conclusions to which no response is required. To the extent a response is required, TXMD admits that Mayne seeks damages exceeding $75,000, but denies that Mayne has suffered or is entitled to recover any damages.

14. TXMD admits that, pursuant to Section 13.10 of the Transaction Agreement, it consented to the personal jurisdiction of this Court for claims arising

out of or relating to that agreement; Section 13.10 speaks for itself. The remaining allegations in Paragraph 14 state legal conclusions to which no response is required, and to the extent a response is required, TXMD denies them.

15. TXMD admits that, pursuant to Section 13.10 of the Transaction Agreement, venue for claims arising out of or relating to that agreement lies in this Court; Section 13.10 speaks for itself. The remaining allegations in Paragraph 15 state legal conclusions to which no response is required, and to the extent a response is required, TXMD denies them.

## **FACTUAL BACKGROUND**

### ***The Acquisition***

16. TXMD admits that, on December 4, 2022, TXMD and Mayne entered into a series of agreements, including the Transaction Agreement, and admits that a copy of the Transaction Agreement is attached to the Complaint as Exhibit A. TXMD states that the Transaction Agreement speaks for itself and denies any allegation inconsistent with its terms, including Mayne's characterizations of the products, assets, and purposes of the transaction.

17. TXMD states that the Transaction Agreement defines the "Transferred Assets" and that the definition speaks for itself. TXMD denies any allegation inconsistent with the terms of the Transaction Agreement.

18. TXMD admits that the Commercial Supply Agreement, dated September 28, 2018, between TXMD and QPharma AB, and the statements of work thereto, were among the Transferred Agreements, and admits that QPharma AB now uses the business name Sever Pharma Solutions.

19. TXMD states that the Transaction Agreement speaks for itself and denies any allegation inconsistent with its terms, including Mayne's characterizations of the "main purpose" of the agreement and what was "critical" to Mayne.

20. TXMD states that the Transaction Agreement and the TXMD Disclosure Schedules speak for themselves and denies any allegation inconsistent with their terms. TXMD denies the remaining allegations in Paragraph 20.

21. TXMD denies the allegations in Paragraph 21.

***TXMD Misrepresents that Lang Pharma Would Continue Supplying Products***

22. TXMD admits that Section 7.15 of the Transaction Agreement contains representations made as of the date of the Transaction Agreement and as of the Closing Date, and states that Section 7.15 speaks for itself. TXMD denies any allegation inconsistent with the terms of Section 7.15.

23. TXMD admits that Lang Pharma Nutrition, Inc. ("Lang") was identified as a Material Supplier in the Section 7.15 disclosure schedule and supplied prenatal vitamins to TXMD.

24. TXMD states that Section 7.15 of the Transaction Agreement speaks for itself and denies any allegation inconsistent with its terms. TXMD denies the remaining allegations in Paragraph 24.

25. TXMD denies the allegations in Paragraph 25.

26. TXMD admits that Lang was included as a Material Supplier in the TXMD Disclosure Schedules. TXMD denies the remaining allegations in Paragraph 26.

27. TXMD denies the allegations in Paragraph 27, including that it breached the Transaction Agreement and that Mayne was damaged in any amount.

***TXMD Failed to Inform Mayne of Amended Pricing Terms With Sever Pharma***

28. TXMD admits that Section 7.11 of the Transaction Agreement contains representations and states that Section 7.11 speaks for itself. TXMD denies any allegation inconsistent with the terms of Section 7.11.

29. TXMD admits that it was party to a Commercial Supply Agreement, dated September 28, 2018, with Sever Pharma Solutions AB f/k/a QPharma AB (the "Sever Agreement"), and admits that Sever supplied TXMD with the product ANNOVERA®.

30. TXMD admits that the Sever Agreement was listed as a Transferred Agreement on Section 7.11(a) of the TXMD Disclosure Schedules and admits that it provided Mayne with a copy of the Sever Agreement prior to Closing.

31. TXMD denies the allegations in Paragraph 31.

32. TXMD lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning communications between Sever and Mayne following Closing and therefore denies them. TXMD denies the remaining allegations in Paragraph 32.

33. TXMD denies the allegations in Paragraph 33.

34. TXMD denies the allegations in Paragraph 34, including that it breached Section 7.11 of the Transaction Agreement.

35. TXMD states that Section 7.11 of the Transaction Agreement speaks for itself and denies any allegation inconsistent with its terms. TXMD denies the remaining allegations in Paragraph 35.

36. TXMD denies the allegations in Paragraph 36, including that Mayne suffered damages in any amount.

***TXMD Misrepresented The Amount of Inventory Maintained at Several Distributors***

37. TXMD admits that Section 7.12 of the Transaction Agreement contains representations and states that Section 7.12 speaks for itself. TXMD denies any allegation inconsistent with the terms of Section 7.12.

38. TXMD admits that Section 9.1 of the Transaction Agreement contains covenants and states that Section 9.1 speaks for itself. TXMD denies any allegation inconsistent with the terms of Section 9.1.

39. TXMD denies the allegations in Paragraph 39.

40. TXMD denies the allegations in Paragraph 40.

41. TXMD denies the allegations in Paragraph 41, including that it breached Section 7.12 or the covenant in Section 9.1(c) of the Transaction Agreement.

42. TXMD denies the allegations in Paragraph 42, including that Mayne was damaged in any amount.

***Mayne Made Timely Indemnification Claims to TXMD***

43. TXMD admits that Section 12.2 of the Transaction Agreement contains indemnification provisions and states that Section 12.2 speaks for itself. TXMD denies any allegation inconsistent with the terms of Section 12.2. TXMD denies the remaining allegations in Paragraph 43.

44. TXMD admits that the Transaction Agreement defines the term "Loss" and states that the definition speaks for itself. TXMD denies any allegation inconsistent with that definition.

45. TXMD denies the allegations in Paragraph 45, including that Mayne is entitled to any attorneys' fees or expenses.

46. TXMD admits that Section 12.5 of the Transaction Agreement addresses claims for indemnification not involving a Third-Party Claim and states

that Section 12.5 speaks for itself. TXMD denies any allegation inconsistent with the terms of Section 12.5.

47. TXMD admits that Mayne sent a letter dated August 4, 2023 and states that the letter speaks for itself. TXMD denies that it has any obligation to indemnify or defend Mayne and denies the remaining allegations in Paragraph 47.

48. TXMD admits that it sent a letter dated September 1, 2023, and states that the letter speaks for itself.

49. TXMD denies the allegations in Paragraph 49.

50. TXMD admits that it has not paid Mayne any amount because it owes Mayne nothing. TXMD denies the remaining allegations in Paragraph 50.

## FIRST CAUSE OF ACTION (BREACH OF CONTRACT)

51. TXMD repeats and incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

52. TXMD admits that Mayne paid the Purchase Price of $140,000,000 plus an Estimated Net Working Capital Amount of approximately $13,138,000. TXMD denies the remaining allegations in Paragraph 52.

53. TXMD denies the allegations in Paragraph 53.

54. TXMD denies the allegations in Paragraph 54, including that it breached the Transaction Agreement and that Mayne was injured in any amount.

**SECOND CAUSE OF ACTION (BREACH OF CONTRACT)**

55. TXMD repeats and incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

56. TXMD denies the allegations in Paragraph 56.

57. TXMD denies the allegations in Paragraph 57.

58. TXMD denies the allegations in Paragraph 58, including that it breached the Transaction Agreement and that Mayne was injured in any amount.

**THIRD CAUSE OF ACTION (BREACH OF CONTRACT)**

59. TXMD repeats and incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

60. TXMD denies the allegations in Paragraph 60.

61. TXMD denies the allegations in Paragraph 61, including that it breached the Transaction Agreement and that Mayne was injured in any amount.

**FOURTH CAUSE OF ACTION (FRAUDULENT INDUCEMENT)**

62. The Fourth Cause of Action has been dismissed. Accordingly, no response is required to Paragraphs 62 through 67 of the Complaint. To the extent any response is deemed required, TXMD denies each of the allegations in Paragraphs 62 through 67.

**RESPONSE TO PRAYER FOR RELIEF**

The unnumbered "WHEREFORE" paragraph following Paragraph 67, including subparts (a), (b), and (c), sets forth Mayne's requested relief and states legal conclusions to which no response is required. To the extent a response is required, TXMD denies that Mayne is entitled to any of the relief requested—including any damages, punitive damages, interest, costs, or attorneys' fees—or to any relief whatsoever, and respectfully requests that the Complaint be dismissed with prejudice.

**GENERAL DENIAL**

TXMD denies each and every allegation in the Complaint not expressly admitted herein.

## DEFENSES

TXMD asserts the following defenses. In asserting these defenses, TXMD does not assume any burden of proof, persuasion, or production that it would not otherwise bear as a matter of law, and TXMD does not concede that it bears the burden of proof or persuasion as to any defense as to which the burden is properly Mayne's. By designating the following as "defenses," TXMD does not admit that any matter is not more properly asserted as a denial of an element of Mayne's claims. TXMD reserves the right to amend or supplement these defenses, and to assert additional defenses, as discovery proceeds and as the facts and law may warrant.

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (NO BREACH)

Mayne's claims are barred, in whole or in part, because TXMD performed all of its obligations under the Transaction Agreement and did not breach any representation, warranty, or covenant contained therein.

### THIRD DEFENSE
### (FAILURE TO MITIGATE)

Mayne's claims are barred or reduced, in whole or in part, by Mayne's failure to take reasonable steps to mitigate its alleged damages.

**FOURTH DEFENSE**
**(DISCHARGED BY PRIOR BREACH)**

Mayne's claims, if any, should be reduced or set off in whole or in part, by Mayne's breach of contract which is the subject of TXMD's claims in a related action brought in this Court, C.A. No. 25-440-CFC, *Therapeutics MD, Inc. v . Mayne Pharma, LLC*.

**FIFTH DEFENSE**
**(LACK OF CAUSATION)**

Mayne's alleged damages, if any, were not caused by any act or omission of TXMD but were caused, in whole or in part, by the conduct of Mayne or of third parties over whom TXMD had no control, including the suppliers Lang and Sever.

**SIXTH DEFENSE**
**(NO DAMAGES)**

Mayne's claims are barred, in whole or in part, because Mayne has not suffered any cognizable damages, and any damages Mayne claims are speculative, uncertain, or not recoverable.

**SEVENTH DEFENSE**
**(DAMAGES BASKET)**

To the extent Mayne's aggregate Losses do not exceed the Basket, TXMD denies that Mayne has any recoverable Losses; therefore, TXMD is not liable.

**EIGHTH DEFENSE**
**(DAMAGES CAP)**

To the extent Mayne's aggregate Losses exceed the Cap, TXMD denies that Mayne has recoverable Losses in excess of the Cap; therefore, TXMD is not liable for Losses in excess of the Cap.

**NINTH DEFENSE**
**(NOTICE OF LANG INVITATION TO RENEGOTIATE PROVIDED TO MAYNE)**

Mayne's claims are barred, in whole or in part, because Mayne received notice of Lang's invitation to renegotiate. TXMD received email notice from Lang and considered the notice to be an invitation to renegotiate the terms between the parties given the lower volumes cited in the notice. TXMD disclosed this issue to Mayne and facilitated discussions between Lang and Mayne.

**TENTH DEFENSE**
**(NO JUSTIFIABLE RELIANCE)**

Mayne's claims are barred, in whole or in part, because Mayne did not justifiably or reasonably rely on any representation, statement, or omission attributed to TXMD.

**ELEVENTH DEFENSE**
**(ANTI-RELIANCE AND INTEGRATION)**

Mayne's claims are barred, in whole or in part, by Sections 8.9, 8.10, and 13.3 of the Transaction Agreement, under which Mayne acknowledged and agreed that it

relied solely upon its own independent investigation and the express representations and warranties of TXMD set forth in the Transaction Agreement, that no other representation or warranty was made, and that the Transaction Agreement constitutes the entire agreement of the parties and supersedes all prior representations and understandings. Mayne cannot base any claim on any statement, representation, or omission outside the four corners of the Transaction Agreement.

**TWELFTH DEFENSE**
**(QUALIFICATION BY DISCLOSURE SCHEDULES)**

Mayne's claims are barred, in whole or in part, because the representations and warranties at issue are made and qualified subject to the TXMD Disclosure Schedules pursuant to Section 13.17 of the Transaction Agreement, including the identification of Lang and Sever as suppliers and the listing of the Transferred Agreements.

**THIRTEENTH DEFENSE**
**(CONDUCT IN THE ORDINARY COURSE OF BUSINESSS)**

Mayne's Third Cause of Action is barred, because the conduct at issue, including TXMD's ordinary-course activities related to ANNOVERA® and BIJUVA®, was undertaken in the ordinary course of business consistent in all material respects with TXMD's past practice, as Section 9.1 expressly permits. Therefore, any resulting inventory level was contemplated by the parties and did not deviate from TXMD's normal and ordinary routine of conducting business.

Dated: September 22, 2026

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Julie M. O'Dell (No. 6191)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
jmo@skjlaw.com
dat@skjlaw.com

*Attorneys for Defendant TherapeuticsMD, Inc*